UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FIREARMS AND AMMUNITION SEIZED
FROM A RESIDENCE ON M-35 IN BARK
RIVER, DELTA COUNTY, MICHIGAN,

    Defendant Property.
_____/

Civil No. 2:25-cv-00013

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

Plaintiff, United States of America, by and through Andrew Byerly Birge, Acting United States Attorney for the Western District of Michigan, and Daniel T. McGraw, Assistant United States Attorney, brings this Complaint for Forfeiture *In Rem* and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

1. This is a civil forfeiture complaint filed pursuant to 18 U.S.C. §§ 924(d)(1), 924(d)(3)(C) arising out of the seizure of various firearms and ammunition during the execution of a federal search warrant on or about July 30, 2024, at a residence on M-35 in Bark River, Delta County, Michigan, described more specifically in Attachment A ("Defendant Property"), and possessed by Jeremiah Jordan ("Claimant").

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3. This Court has *in rem* jurisdiction over this forfeiture action under 28 U.S.C. 1355(b)(1)(A), as the acts giving rise to the basis for forfeiture occurred in the Northern Division of the Western District of Michigan.

4. Venue is proper in this district pursuant to 28 U.S.C. §1355, because the property is located within the Western District of Michigan.

## THE DEFENDANT-IN-REM

5. The Defendant Property is 31 items, consisting of firearms and ammunition, seized on or about July 30, 2024, by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) from a residence on M-35 in Bark River, Delta County, Michigan, as more specifically identified and described in Attachment A, and possessed by Claimant.

6. As set forth below, Plaintiff alleges that the Defendant Property was intended to be used in violation of 18 U.S.C. § 922(a)(1) (manufacturing and/or dealing in firearms and ammunition without a license), and therefore is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 924(d)(1), 924(d)(3).

## FACTS SUPPORTING FORFEITURE

7. Claimant is 24 years old and resides at a residence on M-35 in Bark River, Delta County, Michigan ("Claimant's Residence").

2

8. Claimant has a valid concealed pistol license (CPL) registered to Claimant's Residence.

9. ATF maintains the Federal Licensing System, which provides information about individuals and/or entities that possess active or inactive federal firearms licenses, which are issued by ATF, and allow individuals and/or entities to legally deal in firearms.

10. According to ATF's Federal Licensing System, Claimant has no active or inactive federal firearms license.

11. According to the Escanaba Police Department, in the fall of 2023, Claimant stole $4,858 in merchandise from Dunham's, including ten (10) AR magazines, two (2) rifle grips, five (5) iron sights, three (3) rifle rails, one (1) scope ring, one (1) rifle stock, one (1) red dot rifle optic, and ammunition. Some but not all the merchandise had been recovered, including some of the firearm-related items.

12. Between May 23, 2023 and April 25, 2024, Claimant acquired approximately seventy-one (71) AR-type lower receivers from J's Sports Supply and Old Glory Firearms, both federal firearm licensees (FFLs).

13. Upon information and belief, while some individuals purchase large quantities of receivers for a personal collection or hobby purposes, the acquisition of 71 AR-type lower receivers, in less than a year, is indicative of manufacturing and dealing in firearms, as opposed to creating a personal collection.

14. Upon information and belief, Claimant manufactures and sells firearms without an FFL. In addition to manufacturing firearms himself, Claimant also paid

3

others to manufacture firearms for Claimant to later sell without a license.

15. On June 12, 2024, ATF agents observed Claimant at a gun show at the Delta County Chamber of Commerce in Escanaba, Michigan, standing behind a table with knives, firearms, and ammunition displayed for sale. Specifically, the ATF agent saw approximately fifteen (15) total firearms displayed for sale, including AR-type completed firearms, AR-type lower receivers, long guns, and handguns. The ATF agent observed at least two (2) completed AR-type firearms with sale tags that indicated they were Yankee Hill Machine firearms, with one advertised for sale for approximately $1,495. During the surveillance, the ATF agent did not observe Claimant engage in any firearm sales.

16. On July 13, 2024, an undercover ATF agent interacted with Claimant at the Upper Peninsula Trapper's Association Convention, in Escanaba, Michigan, as Claimant stood behind a table with firearms displayed for sale. The ATF agent observed approximately fifteen (15) firearms displayed for sale, consisting of pistols, rifles, shotguns, and boxes of ammunition.

   a. The undercover ATF agent handled a suspected short-barreled rifle with an approximately ten-inch barrel and an "arm brace" as a stock, listed for sale at $1,470. Claimant stated it was made by Yankee Hill Machine, is a .300 blackout caliber, and had such little recoil that a 10-year-old child could and did previously shoot it.

   b. When the undercover ATF agent asked for other firearm recommendations, Claimant pointed out a Smith and Wesson 5.56

4

       caliber rifle with a scope, which Claimant stated contained an "after market trigger," and was listed for sale at $900.

    c. During his interaction with the undercover ATF agent, Claimant told the agent that he previously shot all the firearms he had displayed for sale, and further stated, "Yeah, I build them. I put them together."

    d. When the undercover ATF agent attempted to purchase both firearms for $2,200, the agent provided an expired driver's license and permit to purchase firearms. Claimant asked the agent for a "new driver's license," and stated he needs a valid driver's license to sell the agent a firearm.

17. During a search of Claimant's cell phone, ATF agents discovered calendar entries consistent with Claimant's attendance at various gun shows, between September 2021 and January 2024, including gun shows that occurred in the state of Wisconsin.

18. During a search of Claimant's cell phone, ATF agents discovered messages involving the sale of firearms between Claimant and other individuals.

19. On July 30, 2024, ATF agents searched Claimant's Residence pursuant to a federal search warrant for evidence of violations of 18 U.S.C. § 922(a)(1) (manufacturing and/or dealing in firearms and ammunition without a license) and 18 U.S.C. § 922(a)(5) (transferring firearms to unlicensed residents of different states without a license). During the search, agents seized the Defendant Property from Claimant's bedroom, the living room, and the garage.

20. The Defendant Property includes twenty-seven (27) firearms, consisting of lower receivers, rifles, shotguns, and handguns. The Defendant Property also includes ammunition.

21. During the search, Claimant's parents told ATF agents they were aware that Claimant went to gun shows and sold knives, ammunition, and firearms.

22. Many of the firearms seized as part of the Defendant Property from Claimant's residence had price tags affixed to them, or to boxes they were found in, and appeared similar to what Claimant had on display for sale at the two gun shows.

23. ATF agents also seized over $18,000 of U.S. currency from the lock box in Claimant's father's safe and in multiple locations within Claimant's bedroom, including in an Orange Dry Box, along with price tags for firearms, firearm accessories, and knives ("Defendant Currency").

24. On or about September 26, 2024, Claimant filed a verified claim to the Defendant Currency in the administrative forfeiture proceeding with ATF. Claimant signed the claim under the following sworn declaration: "I attest and declare under penalty of perjury that my claim is not frivolous and the information provided in support of my claim is true and correct to the best of my knowledge and belief."

25. In support his claim to the Defendant Currency, Claimant stated the following: "The currency, $18,194 in cash, that was seized from my parents home on July 30, 2024 is income I earned at gun and knife shows. I have been selling knives, ammo, and an occasional gun for a few years. Some of this money was used as a till, that I took to the shows. I would like my till and personal bank back (all my cash)."

6

26.     Claimant also attached a spreadsheet to his claim to the Defendant Currency, that listed dates of gun and knife shows and the gross profits Claimant obtained from selling firearms and knives at those shows, depicted below:

**Jeremiah Jordan**

| Event's where Funds were earned | Total Cash Received |
|---|---|
| **Jan. 2024** | |
| Three day gun and knife show sales | $2,489 |
| Two day knife show sales | $1,410 |
| Two day knife show sales | $310 |
| **Feb. 2024** | |
| Three day gun and Knife show Sales | $3,484 |
| Two day knife show sales | $1,180 |
| Two day knife show sales | $948 |
| **March. 2024** | |
| Two day gun/Knife sales | $1,704 |
| One day Antique Ammo sale | $980 |
| **April. 2024** | |
| Two day gun/Knife sales | $2,432 |
| Three day gun/Knife sales | $2,815 |
| Two day gun/Knife sales | $655 |
| **May. 2024** | |
| Three day gun/Knife sales | $4,913 |
| Two day Knife and gun sales | $2,458 |

NOTES: The cash received above was gross profits.
From the gross amount i had to deduct, lodging, food, gas, table rentals, and merchandise for resale.

27.     Upon information and belief, Claimant intended to manufacture and/or deal the Defendant Property without a license, in violation of 18 U.S.C. § 922(a)(1).

**CLAIM**

28. Plaintiff hereby realleges paragraphs 1-27 as referenced above.

29. The Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. §§ 924(d)(1), 924(d)(3) because it was intended to be used in violation of 18 U.S.C. § 922(a)(1) (manufacturing and/or dealing in firearms and ammunition without a license).

**RELIEF**

WHEREFORE, the United States prays that the usual process for forfeiture issue against the Defendant Property; that due notice be given to all interested parties to appear and show cause why forfeiture to the United States of America should not be decreed; and prays that the Defendant Property be condemned and forfeited to the United States of America and be delivered into the custody of the Bureau of Alcohol, Tobacco, Firearms and Explosives for disposition according to law, and for such other relief as this court may deem just and proper.

Respectfully submitted,

ANDREW BYERLY BIRGE
Acting United States Attorney

Dated: January 22, 2025

DANIEL T. McGRAW
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI  49501-0208
(616) 456-2404

## ATTACHMENT A – DEFENDANT PROPERTY

| | | |
|---|---|---|
| 1 | 24-ATF-025346 | FEDERAL ARMAMENT, LLC (FEDARM) FP-15 PISTOL CAL:300 SN:LCP00 |
| 2 | 24-ATF-025347 | 30 Rounds Other Ammunition CAL:300 |
| 3 | 24-ATF-025349 | AERO PRECISION M5 Rifle CAL:308 SN:US173497 |
| 4 | 24-ATF-025350 | TAURUS INTERNATIONAL G3C PISTOL CAL:9 SN:ACG071603 |
| 5 | 24-ATF-025353 | 3 Rounds PPU Ammunition CAL:9 |
| 6 | 24-ATF-025356 | SIG SAUER (SIG-ARMS) P365 PISTOL CAL:9 SN:66F460433 |
| 7 | 24-ATF-025357 | 11 Rounds SIG SAUER (SIG) Ammunition CAL:9 |
| 8 | 24-ATF-025358 | SPIKE'S TACTICAL LLC ST15 RECEIVER/FRAME CAL:MULTI SN:NSL133 |
| 9 | 24-ATF-025360 | PALMETTO STATE ARMORY G3-10 RIFLE CAL:308 SN:LJ010540 |
| 10 | 24-ATF-025362 | PALMETTO STATE ARMORY G3-10 RIFLE CAL:308 SN:LJ010621 |
| 11 | 24-ATF-025365 | SAVAGE STEVENS 84D RIFLE CAL:22 SN:None |
| 12 | 24-ATF-025366 | WINCHESTER 37 SHOTGUN CAL:20 SN:None |
| 13 | 24-ATF-025367 | YANKEE HILL MACHINE CO. INC. YHM-15 RIFLE CAL:300 SN:YH03542 |
| 14 | 24-ATF-025369 | SMITH & WESSON M&P 15 RIFLE CAL:556 SN:TM76803 |
| 15 | 24-ATF-025370 | PLUMCRAZY FIREARMS GEN II RIFLE CAL:9 SN:PV05272 |
| 16 | 24-ATF-025372 | AERO PRECISION X15 RIFLE CAL:65 SN:X578979 |
| 17 | 24-ATF-025374 | YANKEE HILL MACHINE CO. INC. YHM-15 PISTOL CAL:300 SN:YH0354 |
| 18 | 24-ATF-025375 | RADICAL FIREARMS, LLC RF-15 RIFLE CAL:223 SN:2-056263 |
| 19 | 24-ATF-025377 | PLUMCRAZY FIREARMS GEN II RIFLE CAL:556 SN:PV05305 |
| 20 | 24-ATF-025379 | HENRY REPEATING RIFLE COMPANY H006C BIG BOY RIFLE CAL:45 SN: |
| 21 | 24-ATF-025382 | 1 Rounds OTHER Ammunition CAL:9 |
| 22 | 24-ATF-025383 | SMITH & WESSON M&P 15 PISTOL CAL:556 SN:TV78010 |
| 23 | 24-ATF-025384 | PLUMCRAZY FIREARMS C15 RECEIVER/FRAME CAL:MULTI SN:PV05270 |
| 24 | 24-ATF-025386 | PLUMCRAZY FIREARMS C15 RECEIVER/FRAME CAL:MULTI SN:PV05273 |

| 25 | 24-ATF-025389 | KE ARMS KP-15 RECEIVER/FRAME CAL:MULTI SN:KM24249 |
|----|---------------|---------------------------------------------------|
| 26 | 24-ATF-025390 | AERO PRECISION X15 PISTOL CAL:762 SN:X578992 |
| 27 | 24-ATF-025391 | HS PRODUKT (IM METAL) XDM ELITE PISTOL CAL:10 SN:BB483569 |
| 28 | 24-ATF-025392 | RECEIVER/FRAME KP-15 RECEIVER/FRAME CAL:MULTI SN:KM24205 |
| 29 | 24-ATF-025393 | SIG SAUER (SIG-ARMS) P250-22 PISTOL CAL:22 SN:57C052580 |
| 30 | 24-ATF-025394 | GIRSAN MC 28 SA PISTOL CAL:9 SN:76368-21AV11946 |
| 31 | 24-ATF-025395 | SUN CITY MACHINERY CO., LTD STEVENS 320 SHOTGUN CAL:20 SN:21 |

## VERIFICATION

I am a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, and one of the agents involved in and responsible for this case.

I have read the contents of the foregoing complaint for forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 22, 2025

_____
AARON VOOGD
Special Agent, ATF